IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

YASIR QAHTAN SAUD,

      Petitioner,

                                                  CRIMINAL ACTION NO. 4:21-cr-41

UNITED STATES OF AMERICA,

      Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Yasir Qahtan Saud's ("Petitioner") *pro se* Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)") to re-open and amend the Court's judgment. ECF No. 51 ("Pet'r's Mot."). Petitioner filed a memorandum in support of the Motion. ECF No. 52 ("Pet'r's Mem."). Petitioner additionally filed a Notice of Administrative Filing. ECF No. 54. The Government responded in opposition. ECF No. 55 ("Resp. Opp."). This matter is now ripe for judicial determination. Upon review, the Court finds no meritorious reason to grant Petitioner's Motion. Therefore, Petitioner's Rule 60(b)(6) Motion is **DENIED**.

      **I.**    **FACTS AND PROCEDURAL HISTORY**

On June 30, 2021, a Grand Jury in the Eastern District of Virginia indicted Petitioner on four Counts. ECF No. 3. Counts One and Two charged Petitioner with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). *Id.* Count Three charged Petitioner with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). *Id.* Count Four charged Petitioner with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1). *Id.* On July 29, 2021, Attorney Chad Dorsk appeared as counsel in this case for Petitioner. ECF No. 18. On December 3, 2021, Petitioner pled guilty to Count One of the Indictment. ECF Nos. 30, 31.

According to the Presentence Investigation Report ("PSR"), around August 2020, the National

1

Center for Missing and Exploited Children ("NCMEC") received three cyber tips from Facebook, Inc. regarding the suspected distribution of child pornography through Facebook Messenger. PSR ¶ 13, ECF No. 36. NCMEC gathered the information and forwarded the information to the Bedford County Sheriff's Office ("BCSO"). *Id.* BCSO issued several administrative subpoenas and narrowed the scope of the investigation to Petitioner. *Id.* Then, BCSO contacted the Federal Bureau of Investigation ("FBI"). *Id.*

Around December 2020, the FBI began investigating Petitioner and learned that in addition to uploading, downloading, and distributing child pornography, Petitioner also created eight email accounts associated with various aliases. *Id.* On March 10, 2021, the FBI executed a lawful search warrant and spoke with Petitioner, who waived his *Miranda* rights and admitted to this illicit conduct. *Id.* Petitioner remembered only five email addresses he created with aliases and acknowledged two of his Facebook pages under aliases that he used to communicate in Facebook Messenger groups. *Id.* Petitioner explained that sometimes, he and others in the groups use images of child pornography to shut down a group or an account. *Id.* According to Petitioner, he used child pornography to induce the service provider to block or "burn" the account to ensure that the account was fully disabled, completely deleted any history or archived posts, and preserved the privacy of members. *Id.* Petitioner said the accounts were blocked because of revenge or to prevent an unwanted person access to the account. *Id.* Petitioner also used accounts on WeChat, WhatsApp, Viper, and Telegram. *Id.* Petitioner admitted to uploading child pornography to WeChat and viewing child pornography on Telegram in the past. *Id.* Petitioner is accountable for twenty-eight (28) videos containing child pornography, twelve (12) images containing child pornography, and one (1) video containing sexually explicit conduct with an infant. *Id.*

Petitioner was assessed a Criminal History Category of I and a Total Offense Level of 34. *Id.* ¶¶ 102–03. On April 7, 2022, the Court sentenced Petitioner to 60 months imprisonment followed by

fifteen years of supervised release.[1] ECF No. 42. Petitioner had fourteen days to appeal his conviction to the United States Court of Appeals for the Fourth Circuit; however, Petitioner did not pursue an appeal. Fed. R. App. P. 4(b). Additionally, Petitioner had one year from the date of judgment to file a 28 U.S.C. § 2255 ("§ 2255 motion") Motion to Vacate, Set Aside, or Correct the Sentence, which he did not pursue. 28 U.S.C. § 2255(f)(1). On December 18, 2023, Petitioner filed his *pro se* Motion Pursuant to Rule 60(b)(6) to obtain and submit newly discovered evidence to prove his actual innocence. On February 5, 2024, the Government filed its response in opposition arguing that Petitioner's Motion is untimely. Petitioner did not file a reply.

## II. LEGAL STANDARDS

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally because *pro se* litigants are held to less stringent standards than attorneys drafting such complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"[W]hen the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1). Moreover, both cases require a movant to act in a timely fashion, to avoid unfair prejudice to the non-movant, and to proffer a meritorious defense . . . to obtain relief." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988). Rule 60(b)(6) allows a court to relieve a party from final judgment for "any other reason that

---

[1] The Court entered judgment on April 8, 2022. ECF No. 44.

3

justifies relief." Fed. R. Civ. P. 60(b)(6). Although Rule 60(b)(6) is a catch-all provision, "a motion under 60(b)(6) may not be granted absent extraordinary circumstances." *Murchison v. Astrue*, 466 F. App'x 225, 229 (4th Cir. 2012). "Extraordinary circumstances are those that create a substantial danger that the underlying judgment was unjust." *Id.* (alterations in original) (internal quotations and citations omitted). A party must raise a Rule 60(b) motion within a reasonable time and not more than a year after the entry of judgment for reasons one through three. Fed. R. Civ. P. 60(c)(1).

Although Petitioner has characterized his motion as one falling under Rule 60(b), the United States Court of Appeals for the Fourth Circuit has held that district courts must nonetheless examine the substance of such a motion to determine whether it is the "functiona[l] equivalent to a successive [habeas] application," which "depends on the nature of the claims presented." *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003). If a petitioner files "a motion directly attacking [his] conviction or sentence," such motion will usually amount to the equivalent of a habeas petition. *Id.* at 207. However, where the motion "seek[s] a remedy for some defect in the collateral review process," then it is properly framed as a Rule 60(b) motion to reconsider, and a district court may address it on its merits. *Id.* at 207. If a motion labeled as one falling under Rule 60(b) should instead be treated as a habeas petition, then it is subject to the rules governing § 2255 proceedings. *Walker v. United States*, No. 4:95CR373, 2014 WL 4388253, at *2 (E.D. Va. Sept. 4, 2014). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

### III.   DISCUSSION

Petitioner presents a series of claims to prove his actual innocence. Petitioner alleges ineffective assistance of counsel, affirmative defenses, and governmental misconduct. *See* Pet'r's Mot.; *see also* Pet'r's Mem. This argument attacks Petitioner's conviction and does not seek reconsideration of the collateral review process. Accordingly, Petitioner's motion must be characterized as a § 2255 motion.

Construing Petitioner's Motion liberally, he fails to meet the standards outlined in Rule 60(b). In this case, Petitioner's actual innocence claim under Rule 60(b)(6) is improper. Rule 60(b)(1) is the proper avenue for relief for Petitioner's actual innocence claim. *Earnest v. Davis*, No. 7:18-CV-00595, 2023 WL 5673968, at *3 (W.D. Va. Sept. 1, 2023). To seek relief under Rule 60(b)(1), Petitioner must have filed his Motion within one year from the entry of judgment, which he failed to do. *See* Fed. R. Civ. P. 60(c)(1). Petitioner cannot claim actual innocence under Rule 60(b)(6) to avoid the time limitations attached to Rule 60(b)(1) motions.[2] *See Wright v. Poole*, 81 F. Supp. 3d 280, 291 (S.D.N.Y. 2014). Moreover, Petitioner has not demonstrated extraordinary circumstances that prevented him from filing a timely Rule 60(b) motion. Thus, Petitioner's Motion under Rule 60(b) is untimely.

Additionally, Petitioner fails to meet the standards outlined in § 2255. Petitioner waited 20 months to raise these issues in the instant motion, which he should have raised under a § 2255 motion. However, Petitioner never filed a § 2255 motion, and he cannot now seek to challenge his conviction, which he should have done within § 2255 statute of limitations. *See* 28 U.S.C. § 2255(f). In other words, Petitioner had the opportunity to contest his innocence before pleading guilty and in a timely filed § 2255 motion. Petitioner signed the Plea Agreement, which incorporated the Statement of Facts

---

[2] In *McQuiggin v. Perkins*, the Supreme Court held that a defendant who demonstrates actual innocence may, in extraordinary circumstances, proceed with habeas relief that otherwise would have been statutorily time-barred. 569 U.S. 383 (2013). To demonstrate actual innocence, a defendant must show that in light of new evidence, "it is more likely than not that no reasonable juror would have convicted [him]." *Id.* at 395. Here, Petitioner has not put forth new evidence meeting the actual innocence standard.

attesting his guilt, and at sentencing, he did not raise any objections to the PSR. *See* ECF Nos. 31, 32, 36, 42. Thus, Petitioner's Motion under § 2255 is untimely.

## IV. CONCLUSION

Having reviewed Petitioner's Motion, the Court does not find any reason that would justify granting Petitioner relief. Accordingly, Petitioner's Motion is **DENIED**. ECF Nos. 51, 52.

This Court may issue a certificate of appealability only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Because Petitioner fails to substantially demonstrate the denial of a constitutional right, a Certificate of Appealability is **DENIED**.

The Court **ADVISES** Petitioner that he may appeal this order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Clerk is **DIRECTED** to mail a copy of this Order to the Petitioner and the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

Newport News, Virginia
March /3, 2024

Raymond A. Jackson
United States District Judge