**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

YASIR QAHTAN SAUD,

      Petitioner,

v.                                                                 **Civil Action No. 4:21-cr-41**

UNITED STATES OF AMERICA,

      Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Yasir Qahtan Saud's ("Petitioner") *pro se* Motion Pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Court's judgement. ECF No. 76 (Pet'r's Mot."). The Government responded in opposition. ECF No. 83 ("Resp. Opp."). Petitioner filed a reply. ECF No. 84 ("Pet'r's Reply"). This matter is now ripe for judicial determination. For the reasons stated herein, Petitioner's Motion is **DISMISSED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On June 30, 2021, Petitioner was indicted on four Counts. ECF No. 3. Counts One and Two charged Petitioner with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). *Id.* Count Three charged Petitioner with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). *Id.* Count Four charged Petitioner with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1). On December 3, 2021, Petitioner pled guilty to Count One of the Indictment. ECF Nos. 30, 31.

According to the Presentence Investigation Report ("PSR"), around August 2020, the National Center for Missing and Exploited Children ("NCMEC") received three cyber tips from

1

Facebook, Inc. regarding the suspected distribution of child pornography through Facebook Messenger. PSR ¶ 13, ECF No. 36. NCMEC gathered the information and forwarded the information to the Bedford County Sheriff's Office ("BCSO"). *Id.* BCSO issued several administrative subpoenas and narrowed the scope of the investigation to Petitioner. *Id.* Then, BCSO contacted the Federal Bureau of Investigation ("FBI"). *Id.*

Around December 2020, the FBI began investigating Petitioner and learned that in addition to uploading, downloading, and distributing child pornography, Petitioner also created eight email accounts associated with various aliases. *Id.* On March 10, 2021, the FBI executed a lawful search warrant and spoke with Petitioner, who waived his Miranda rights and admitted to this illicit conduct. *Id.* Petitioner remembered only five email addresses he created with aliases and acknowledged two of his Facebook pages under aliases that he used to communicate in Facebook Messenger groups. *Id.* Petitioner explained that sometimes, he and others in the groups use images of child pornography to shut down a group or an account. *Id.* According to Petitioner, he used child pornography to induce the service provider to block or "burn" the account to ensure that the account was fully disabled, completely deleted any history or archived posts, and preserved the privacy of members. *Id.* Petitioner said the accounts were blocked because of revenge or to prevent an unwanted person access to the account. *Id.* Petitioner also used accounts on WeChat, WhatsApp, Viper, and Telegram. *Id.* Petitioner admitted to uploading child pornography to WeChat and viewing child pornography on Telegram in the past. *Id.* Petitioner is accountable for twenty-eight (28) videos containing child pornography, twelve (12) images containing child pornography, and one (1) video containing sexually explicit conduct with an infant. *Id.*

Petitioner was assessed a Criminal History Category of I and a Total Offense Level of 34. *Id.* ¶¶ 102-103. On April 7, 2022, the Court sentenced Petitioner to 60 months imprisonment

2

followed by fifteen years of supervised release. ECF No. 42. Petitioner had fourteen days to appeal his conviction to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Fed. R. App. P. 4(b). However, Petitioner did not pursue an appeal. Additionally, Petitioner had one year from the date of judgment to file a 28 U.S.C. § 2255 ("§ 2255 motion") Motion to Vacate, Set Aside, or Correct the Sentence, which he did not pursue. 28 U.S.C. § 2255(f)(1).

On December 18, 2023, Petitioner filed a *pro se* Motion Pursuant to Rule 60(b)(6) to obtain and submit newly discovered evidence to prove his actual innocence. ECF Nos. 51, 52. The Government filed its opposition on February 5, 2024. ECF No. 55. On March 13, 2024, the Court issued a Memorandum Opinion and Order denying Petitioner's Rule 60(b)(6) motion. ECF No. 56. The Court found that Petitioner's motion is more properly characterized as a § 2255 motion, which was both untimely and meritless. *Id.*

On June 14, 2024, the Court denied Petitioner's Motion to Produce Documents and Request for Certificate of Appealability. ECF Nos. 62, 63. On December 23, 2024, the Fourth Circuit issued an order denying Petitioner's Request for Certificate of Appealability. ECF No. 72. On March 3, 2025, the Fourth Circuit denied Petitioner's petition for rehearing and rehearing en banc. ECF No. 74.

On July 28, 2025, Petitioner filed the instant Rule 60(b) Motion for Relief from Judgment. ECF No. 76. The Government filed a response in opposition on September 12, 2025. ECF No. 83. On September 22, 2025, Petitioner replied. ECF No. 84.

## II. LEGAL STANDARD

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally because pro se litigants are held to less stringent standards than attorneys drafting such complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Although Petitioner has characterized his motion as one falling under Rule 60(b), the Fourth Circuit has held that district courts must nonetheless examine the substance of such a motion to determine whether it is the "functiona[l] equivalent to a successive [habeas] application," which "depends on the nature of the claims presented." *United States v. Winestock*, 340 F.3d 200, 206-207 (4th Cir. 2003). If a petitioner files "a motion directly attacking [his] conviction or sentence," such motion will usually amount to the equivalent of a habeas petition. *Id.* at 207. However, where the motion "seek[s] a remedy for some defect in the collateral review process," then it is properly framed as a Rule 60(b) motion to reconsider, and a district court may address it on its merits. *Id.* at 207. If a motion labeled as one falling under Rule 60(b) should instead be treated as a habeas petition, then it is

4

subject to the rules governing § 2255 proceedings. *Walker v. United States*, 2014 WL 4388253, at *2 (E.D. Va. Sept. 4, 2014). Section 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cased on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

## III. DISCUSSION

Petitioner seeks vacatur of this Court's prior judgment on his original Rule 60(b) motion. *See* Pet'r's Mot. Petitioner proffers various allegations of governmental misconduct regarding the investigation of his case. *Id*. However, each assertion made by Petitioner attacks the integrity of the investigation and his underlying conviction, not the collateral review process. Accordingly, Petitioner's Motion must be characterized as a § 2255 motion.

The Fourth Circuit has held that "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *Winestock*, 340 F.3d at 205 (4th Cir. 2003). Furthermore, because the "authorization requirement applies to the entire application, the jurisdictional effect of 2244(b)(3) extends to all claims in the

application, including those that would not be subject to the limits on successive applications if presented separately." *Id.*

Here, the Court properly characterized Petitioner's original Rule 60(b) motion as a § 2255 motion and denied that motion as untimely. *See* ECF No. 56 at 5-6. Despite Petitioner's characterization, the current Motion in fact challenges his conviction as opposed to the collateral review process. Petitioner's Motion is properly characterized as a § 2255 motion because it directly challenges his conviction by alleging that the Government failed to produce any forensic evidence, relied on a constitutionally defective search warrant, and suggests that he had a legitimate reason to possess or transmit the child pornographic material which served as the basis for his conviction. *See* Pet'r's Mot. 76 at 2-3. The Court finds that "proper dismissal of a prior § 2255 motion as untimely renders successive any future § 2255 motions challenging the same conviction or sentence." *Stapleton v. U.S.*, 392 F. Supp.2d 754, 756 (W.D. Va. 2005). The Court lacks jurisdiction to adjudicate Petitioner's claims because Petitioner has not received pre-filing authorization to file his successive § 2255 motion. *Winestock*, 340 F.3d at 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims"). Accordingly, Petitioner's successive § 2255 motion is **DISMISSED.**

Finally, even if Petitioner's claims were properly before the Court, he fails to meet the standards outlined in Rule 60(b). Petitioner seeks relief from this Court's prior judgment pursuant to Rule 60(b)(3), (4), and (6). Pet'r's Mot.

To seek relief under Rule 60(b)(3), Petitioner must have filed his Motion within one year from the entry of judgment, which he failed to do. *See* Fed R. Civ. P. 60(b)(3). The Court issued a Memorandum Opinion and Order on March 13, 2024, denying Petitioner's original Rule 60(b)

motion. ECF No. 56. Petitioner filed the instant Motion seeking relief from that judgment on July 28, 2025, which is well over one year from the entry of judgment. Thus, Petitioner's Motion under Rule 60(b)(3) is untimely. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding").

Petitioner's claim under Rule 60(b)(4) seeks relief from the Court's prior judgment in his original Rule 60(b) Motion alleging that the Court's judgment "relied on a constitutionally defective search warrant." Pet'r's Mot. at 3. The Fourth Circuit has held that "[a]n order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (internal quotations omitted). Furthermore, the Court "narrowly construe[s] the concept of void order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants...will use Rule 60(b)(4) to circumvent an appeal they elected not to follow." *Id.*

The Court's Memorandum Opinion and Order denying Petitioner's prior Rule 60(b) Motion, specifically stated that the Motion was denied because it was untimely. ECF No. 56 at 5. The Court also found that Petitioner's argument challenged his conviction and is more properly characterized as a § 2255 motion which the Court also found to be untimely. *Id.* at 5-6. The Court did not mention or rely on the search warrant issued in Petitioner's case in making its judgment because Petitioner's Motion was denied based on timeliness. Therefore, Petitioner's Rule 60(b)(4) claim that the Court's prior judgment was based on a constitutionally defective search warrant is meritless.

7

Additionally, Petitioner had the opportunity to challenge the constitutionality of the search warrant in his case before pleading guilty and in a timely filed § 2255 motion. However, Petitioner chose not to do so, and he may not use Rule 60(b)(4) to circumvent an appeal process he elected not to follow. *Wendt*, 431 F.3d at 413 (4th Cir. 2005) ("[W]e narrowly construe the concept of void order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants…will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow").

Lastly, Petitioner seeks relief from this Court's prior judgment under Rule 60(b)(6). Pet'r's Mot. at 4. Petitioner contends that the government engaged in various acts of misconduct that undermined the habeas process. *See id.* Specifically, Petitioner alleges the following: (1) the government engaged in the deceptive use of an FBI form with a linguistically limited defendant; (2) the government used an entrapment like arrest under false pretense; (3) the government withheld exculpatory digital forensic information; (4) the government misrepresented the jurisdictional basis of its investigation; and (5) a federal prosecutor sent a threat letter to Petitioner's family. *Id.* Petitioner argues that the cumulative effect of this government misconduct shocks the conscience and undermines the habeas process. *Id.*

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is reserved "only [for] truly 'extraordinary circumstances.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). "[T]he United States Court of Appeals for the Fourth Circuit has required-in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on just terms and within a reasonable time- that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *United States. v. Jordan*, 2013 WL 5933481 (E.D. Va. Nov. 5, 2013) (citing *Nat'l Credit Union Admin. Bd. v. Gray*,

1 F.3d 262, 264 (4th Cir. 1993)). Furthermore, "if reason for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, then 60(b)(6) relief is not available." *Id.* (citing *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)).

Here, all of the alleged misconduct by the government involves information known to Petitioner at the time of his guilty plea and could have been addressed on appeal. However, since Petitioner did not address these claims on appeal, Rule 60(b)(6) relief is not available to Petitioner. *See Aikens*, 652 F.3d at 500 (4th Cir. 2011).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DISMISSED** as set forth herein, ECF No. 76.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the Parties.

**IT IS SO ORDERED**

Newport News, Virginia
June 25, 2026

Raymond A. Jackson
United States District Judge

9